UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John A. Bryant, ) | Civil Action No.: 0:14-cv-535RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| K. Washington, Lt. W. Duvall, W. Smith, ) | |
| and United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Pending before the Court is the [Docket Entry #26] motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants K. Washington, Lt. W. Duvall, W. Smith, and the United States of America.  The motion is before the court with the Report and Recommendation [Docket Entry #47] of Magistrate Judge Paige J. Gossett filed on December 5, 2014.[1]  The Magistrate Judge recommended that Defendants' motion be granted and this case dismissed.  Plaintiff timely filed objections [Docket Entry #47] to the Magistrate Judge's Report and Recommendation on January 26, 2015.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo*

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2).

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

This is a slip and fall case. Plaintiff is a federal inmate at FCI Edgefield Correctional Institution in Edgefield, South Carolina. Plaintiff's claim in this case, however, arose as a result of an incident that occurred while he was incarcerated at FCI Williamsburg Correctional Institution in Salters, South Carolina. On October 22, 2012, Plaintiff slipped and fell inside the cafeteria allegedly injuring his neck, back, and right shoulder. Plaintiff slipped in water that allegedly leaked from the hot bar serving area in the cafeteria. Immediately after the fall, Plaintiff was examined by the medical staff where he reported pain in the right shoulder area. The next day Plaintiff reported pain in his neck and lower back as well. Plaintiff sought medical attention over the next several months for continued pain allegedly related to the slip and fall. An MRI performed on December 12, 2012, showed scoliosis, bone spurs causing stenosis, and deterioration of cartilage. Plaintiff's

complaints persisted and he was seen by a neurologist on May 23, 2013, who concluded that Plaintiff's pain stemmed from mild degenerative disc disease and age-induced deterioration rather than a slip and fall incident.

The Magistrate Judge recommended granting Defendants' motion to dismiss or for summary judgment reasoning that Plaintiff had not presented sufficient evidence to demonstrate that his injuries were proximately caused by the slip and fall incident. The Magistrate Judge also recommended granting Defendants' motion on the ground that Plaintiff had failed to establish that the Defendants either affirmatively placed the water on the cafeteria floor or had actual or constructive notice of the water on the floor prior to Plaintiff's fall. With respect to the *Bivens* claim, the Magistrate Judge found that Plaintiff failed to allege a constitutional violation by Defendants Washington, Duvall, and Smith. The Magistrate Judge further found that even construing Plaintiff's complaint liberally, Plaintiff failed to show that the individual Defendants were deliberately indifferent to Plaintiff's health or safety.

Plaintiff filed objections on January 26, 2015. However, the objections do not direct the Court to any alleged error in the Magistrate Judge's Report and Recommendation. In his objections, Plaintiff simply asks the Court to appoint him counsel. Specific objections are necessary in order to focus the court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections do not direct the court's attention to any specific portions of the report, general objections to a magistrate judge's report are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) (de novo review not required where objections are general and conclusory). However, in the absence of objections, the Court must "'satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to state a claim under *Bivens* against the individual Defendants K. Washington, Lt. W. Duvall, and W. Smith. The Court also agrees with the Magistrate Judge's conclusion that the United States is protected by the doctrine of sovereign immunity with respect to any alleged constitutional violations. *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) (stating "because the United States has not waived sovereign immunity in suits claiming constitutional torts, [Plaintiff's] Fourth Amendment claim against the United States necessarily fails"). Because the complaint fails to allege that any of Plaintiff's constitutional rights were violated by these individual defendants, Defendants' motion is due to be granted as to any *Bivens* claim against Defendants Washington, Duvall, and Smith. Additionally, to the extent Plaintiff's complaint could be construed to allege an Eighth Amendment deliberate indifference claim against Washington, Duvall, and Smith, Plaintiff has not established that any of the individual defendants were aware of the wet floor before Plaintiff's fall or deliberately indifferent to Plaintiff's health and safety.

With respect to the Federal Tort Claims Act portion of Plaintiff's case against the United States, the Court agrees with the Magistrate Judge that summary judgment is appropriate because Plaintiff has failed to present sufficient evidence that Defendant or its agents placed the water on the cafeteria floor or had sufficient actual or constructive knowledge that water had leaked onto the floor from the hot bar. *See Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729-30 (S.C. 2001) In order to establish liability in a slip and fall case, a plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the

defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. *Wintersteen*, 542 S.E.2d at 729; *Legette v. Piggly Wiggly, Inc.*, 368 S.C. 576, 579 (Ct. App. 2006). In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall. *Wintersteen*, 542 S.E.2d at 729-30 (citing *Calvert v. House Beautiful Paint & Decorating Ctr., Inc.*, 443 S.E.2d 398, 399 (S.C. 1994). Finally, the mere fact the substance was on the floor is insufficient standing alone to find that the defendant was negligent. *Calvert*, 443 S.E.2d at 399.  Plaintiff alleges that the water leaked from the hot bar onto the cafeteria floor but fails to produce evidence that any prison official was aware of the leakage before Plaintiff slipped and fell.  Plaintiff has submitted several affidavits that each state that water was present on the cafeteria floor when Plaintiff slipped, but none of the affidavits establish that the water was present for any appreciable period of time or that any prison officials or employees of the prison were aware of it such that actual or constructive notice existed.  Rather, the affidavits focus on the lack of warning signs about the water on the floor. The mere lack of warning signs is insufficient to prove liability in a slip and fall case. *See Howard v. K-Mart Discount Stores*, 359 S.E.2d 81, 83 (S.C. Ct. App. 1987).  Plaintiff has not produced sufficient evidence to create a genuine issue of material fact that the Defendants affirmatively placed the water on the floor or had sufficient actual or constructive knowledge that the water was on the floor before Plaintiff's fall. Summary judgment is therefore appropriate on Plaintiff's negligence claim.

With regard to the Report and Recommendation's finding that Plaintiff failed to state a claim for negligence under Rule 12(b)(6), the Court disagrees with this limited statement, although it agrees that summary judgment is appropriate as explained above.

To the extent Plaintiff's objections could be construed as a motion to appoint counsel, the Court notes that the Magistrate Judge previously denied a motion by the Plaintiff to appoint counsel. *See* [Order, Docket Entry #21]. The Constitution does not compel the appointment of counsel in civil cases. *Lowery v. Bennett*, 492 Fed. Appx. 405, 411, 2012 WL 3218006, at *6 (4th Cir. Aug. 9, 2012) However, 28 U.S.C. § 1915(e) does give the trial courts the power to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e) (1996). The courts are instructed to exercise this power "only in exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779 (4th Cir.1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir.1982). The existence of such circumstances turns on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Branch*, 686 F.2d at 266.  This is an ordinary negligence case involving an alleged slip and fall and subsequent neck, back, and shoulder injury.  The issues are straightforward and, despite his failure to file objections to the Magistrate Judge's Report and Recommendation, Plaintiff has demonstrated through his filings that he is an able litigant who understands what is required to prove his case and understands the defenses raised by the Defendants.  Despite only having an eighth grade education, Plaintiff filed a well-written, cogent twenty page memorandum in response to Defendants' motion to dismiss and/or for summary judgment.  Additionally, Plaintiff supplemented his response with typed affidavits and other documentary evidence.  Because of the basic nature of this case and Plaintiff's demonstrated ability to proceed *pro se*, the Court finds that there are no exceptional circumstances that would warrant the appointment of counsel in this case.

**Conclusion**

Having reviewed the record and applicable law, the court adopts in part the Report and Recommendation [Docket Entry #47] of the Magistrate Judge as modified above for the reasons stated above. The Court has reviewed Plaintiff's objections and finds that they are without merit and do not direct the Court's attention to a specific error in the Magistrate Judge's Report and Recommendation. The [Docket Entry #26] motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants K. Washington, Lt. W. Duvall, W. Smith, and the United States of America is **GRANTED** and this case is dismissed with prejudice. To the extent Plaintiff's [Docket Entry #57] objections could be construed as a motion to appoint counsel, the motion is **DENIED**.

    IT IS SO ORDERED.


February 26, 2015                                                s/ R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                                                 United States District Judge